IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, CENTER FOR NATIVE ECOSYSTEMS, and SIERRA CLUB, | ) ) ) ) ) | CV 09-73-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| JANE LYDER, Assistant Deputy Secretary of the Department of Interior, KENNETH SALAZAR, Secretary of the Department of Interior, and U.S. FISH AND WILDLIFE SERVICE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

-1-

Briefing for the summary judgment motions pending in this case was completed on January 27, 2010. Since then, Plaintiffs have submitted two "supplements" to their October 9, 2009 Statement of Undisputed Facts. On February 8, 2010, Plaintiffs filed a Colorado Division of Wildlife press release dated January 28, 2010. The press release discusses the poaching of a 13 year old lynx in Colorado. Plaintiffs offer this supplement to challenge the Service's assumption in the challenged Final Rule on how long lynx live. Then, on April 16, 2010, Plaintiffs filed a newspaper article dated that same day discussing a Colorado lynx that was trapped and killed in Canada. Plaintiffs offer the article to show connectivity between lynx populations in Colorado and Canada.

Defendants move to strike both supplements.[1]

When an agency action is challenged under the judicial provisions of the APA, the Court's review "typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record

---

[1] Plaintiffs also filed various extra-record documents with their briefs for summary judgment. Defendants noted their objections to these documents in their summary judgment briefs. In the present motion, Defendants formally argue that these documents should also be stricken. Because these documents were filed, raised and objected to in the summary judgment briefs, the Court considers the Federal Defendants' Motion to Strike to apply only to the two supplements. The Court will rule on whether the other extra-record evidence should be considered when addressing the summary judgment motions.

that is made initially in the reviewing court." Southwest Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)).  The press release and news article constitute post-decisional information and may not be relied upon to challenge the Final Rule unless they are needed to explain the Service's decision.  Id.  The Ninth Circuit has identified four narrow exceptions under which a reviewing court may consider extra-record evidence:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) when plaintiffs make a showing of agency bad faith.

Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir.2005) (internal quotations omitted).

Defendants argue Plaintiffs' supplements consist of *post hoc* evidence that does not fall into any of the above exceptions.  They also argue these filings were made contrary to the Local Rules.  Local Rule 56.1(d) states the record for a summary judgment motion closes upon the filing of the statement of genuine issues, and no further factual materials may be filed "except with leave of the Court upon a showing that [the] materials were reasonably" not filed as part of the

proper record.  The factual record in this case closed on December 23, 2009, and Plaintiffs failed to seek leave of the Court before supplementing the record.

Plaintiffs first counter that the Court can, nonetheless, judicially notice these facts.  Even if true, the Court reviews the Service's designation based on the evidence before the agency at the time of its decision.  See Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 555 (1978).  Judicial notice does not permit an end run around this tenet of administrative law.  Plaintiffs next argue the extra-record evidence is necessary to show that the agency overlooked relevant factors and is needed to explain complex scientific matters.  Both arguments ring hollow.  The challenged evidence consists of facts that emerged after the record closed.  The Service cannot be faulted for considering what did not exist at the time it made its decision, and as such the article and press release cannot show the agency ignored facts or failed to explain its decision.  At the same time, the Court does not need a single-page press release or newspaper article to explain lynx longevity or connectivity.  The administrative record, replete with numerous accessible articles on these very topics, adequately explains these issues to enable effective judicial review.

Additionally, the summary judgment record closed in this case on December 23, 2009.  Local Rule 56.1(d) requires any addition to the factual record to then be

made only with leave of the Court.  Plaintiffs never received such leave.

Accordingly, because Plaintiffs' supplements were filed contrary to the Local Rules and do not fall within any narrow exception for the Court to consider extra-record post-decision information,

IT IS HEREBY ORDERED that the Federal Defendants' Motion to Strike Extra Record Evidence (dkt #50) is GRANTED.  Plaintiffs' February 8, 2010, and April 16, 2010 supplements (dkt ## 44, 47) are stricken from the record.

DATED this 14th day of July, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT